**NOT FOR PUBLICATION**

FILED

JUN 24 2022

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



JULIO AMARAL-LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    21-70212

Agency No. A063-804-097

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2022
Seattle, Washington

Before:  GILMAN,[**] IKUTA, and MILLER, Circuit Judges.

Petitioner Julio Amaral-Lopez seeks review of a decision of the Board of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying his application for relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Amaral-Lopez's removal to Mexico pursuant to the Department of Homeland Security's removal order did not moot Amaral-Lopez's petition. At oral argument, the government confirmed that the policy identified in the government's April 5, 2016 letter brief in *Del Cid Marroquin v. Lynch* remains in effect. *See* 823 F.3d 933, 937–40 (9th Cir. 2016) (per curiam). Under that policy, the government will facilitate Amaral-Lopez's return to the United States if we order an "outright grant of CAT protection." *Id.* at 936. Given the continued existence of this policy, "we can provide effective relief and [Amaral-Lopez's] removal to [Mexico] does not render the petition moot." *Id.*

The BIA's and the IJ's determination that Amaral-Lopez did not show that he suffered past torture with the consent or acquiescence of a public official is supported by substantial evidence. *See Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). We reject Amaral-Lopez's argument that the police officers' conduct in response to his 2012 shooting constituted acquiescence to torture, because the IJ's findings that the police made a reasonable choice to remain with Amaral-Lopez until medical assistance arrived, and that Amaral-Lopez failed to follow-up

2

and with police and pursue a criminal investigation, are supported by substantial evidence.

The BIA's and the IJ's determination that Amaral-Lopez did not show that it was more likely than not that he would be tortured upon his return to Mexico, or that any future torture would occur by or with the acquiescence of the Mexican government, was also supported by substantial evidence. *See id.* Amaral-Lopez lived in Mexico for one year after the shooting and was never tortured or otherwise physically harmed during that year, even though the gang members who had previously tortured him knew that he was hiding out at his father's home. Amaral-Lopez's expert acknowledged that, according to one study, only one-third of deportees to Mexico experience some form of physical mistreatment upon their return to Mexico. The expert also testified that Amaral-Lopez's risk of torture stemmed only from the general techniques that drug cartels use to identify and recruit new members, as opposed to being singled out for torture due to his past gang activities. And Amaral-Lopez's expert conceded that it was unlikely Amaral-Lopez would encounter police who knew Amaral-Lopez and his prior membership in Florencia 13. Therefore, Amaral-Lopez failed to show a particularized risk of future torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022).

3

Finally, there was substantial evidence that Amaral-Lopez could safely relocate within Mexico, *see* 8 C.F.R. § 1208.16(c)(3)(ii), including that (1) on several occasions during the year after his shooting, Amaral-Lopez was able to travel without incident to his grandmother's home, which is forty minutes from Guadalajara; and (2) Amaral-Lopez had a history of employment and was fluent in Spanish.

**PETITION DENIED.**